COMMONWEALTH *vs.* EDGAR OLSEN. No. 92-P-1280. December 10, 1993. *Practice, Criminal*, Grand jury proceedings, Conduct of prosecutor.

*Grand Jury. Evidence*, Grand jury proceedings, Relevancy and materiality.
*Rape.*

The defendant moved to dismiss an indictment for rape (G. L. c. 265,
§ 22[*b*]) handed up by the grand jury against him. He claims that be-
cause the prosecutor intentionally presented improper "propensity" evi-
dence, "the integrity of the grand jury proceedings has been impaired"
(*Commonwealth* v. *Gibson*, 368 Mass. 518, 525 [1975]), thereby violating
his right under art. 12 of the Massachusetts Declaration of Rights to an
unbiased grand jury. See *Attorney Gen.* v. *Pelletier*, 240 Mass. 264, 307-
308 (1922). See also in this regard *Commonwealth* v. *Mayfield*, 398 Mass.
615, 621-622 (1986).

Again, an appellate court is unnecessarily placed in a position where it
must decide whether the conduct of a prosecutor was "contrived unfair-
ness" or careless preparation.[1] See, e.g., *Commonwealth* v. *Young*, 22
Mass. App. Ct. 452, 457 (1986) (Brown, J., concurring).

The defendant argues that a grand juror's questions to a police officer
witness, coming after the complainant's testimony had been concluded,
suggest that at least that juror was less than entirely satisfied with the
complainant's account standing alone. The first such question sought addi-
tional information about the "results from [the complainant's] examina-
tion at the hospital," and the second and third questions inquired whether
a particular person who had accompanied the complainant to the police
(someone acquainted with both the complainant and the defendant) "knew
anything about this man [the defendant]." Specifically, the juror asked "if
he [the defendant] had *done anything like that before*" (emphasis added).
None of these questions, so the argument goes, would have yielded any
direct corroboration of the complainant's story. See *Commonwealth* v.
*Brien*, 19 Mass. App. Ct. 914, 915 (1984).

"In presenting cases to the grand jury the prosecutor . . . must scrupu-
lously refrain from words or conduct that will . . . tend to induce action
other than that which the jurors in their uninfluenced judgment deem war-
ranted on the evidence fairly presented before them." *Commonwealth* v.
*Favulli*, 352 Mass. 95, 106 (1967). The prosecutor's conduct before the
grand jury here barely falls within permissible limits. See *Commonwealth*
v. *Mayfield*, 398 Mass. at 622 n.3. In response to the assistant district
attorney's question whether the defendant was "alone or was he with any-
one at [the] time" of his arrest, the police officer witness responded that
"[a]t that time, I noticed that he [the defendant] was with another young
man who was sleeping in the same [small] bed[2] that [the defendant] was

---

[1]The Commonwealth's favorite euphemism for such conduct is "regrettable mis-
step." See *Commonwealth* v. *Harris*, 28 Mass. App. Ct. 724, 736 n.4 (1990)
(Brown, J., dissenting), *S.C.*, 409 Mass. 461 (1991).

[2]The complainant had previously testified that he and the defendant slept in the
same "small" bed. The arresting officer also testified that the defendant had a "very
small" bed — apparently "just a single bed."

sleeping in when we came in." The defendant asserts that this irrelevant inquiry was a transparent "attempt to whet the [grand] jurors' appetite with information which could not [itself] serve as a basis for an indictment." *Commonwealth* v. *Freeman*, 407 Mass. 279, 283 (1990), quoting from *Commonwealth* v. *Saya*, 14 Mass. App. Ct. 509, 516-517 (1982) (Brown, J., concurring).

Even if the defendant is able to make "a showing that [the challenged] evidence was given to the grand jury knowingly and for the purpose of obtaining an indictment," the defendant must make a further showing that the presentation of that "evidence probably influenced the grand jury's determination to hand up an indictment." *Commonwealth* v. *Mayfield*, 398 Mass. at 621. To meet these tests, the defendant attempts, as he must, to show that the evidence not only "was material to the question of probable cause but that, on the entire grand jury record, the [questioned] testimony probably made a difference." *Id.* at 622.

We think that in all the circumstances the witness's unresponsive answer was not "likely to have made a difference in the grand jury's determination." *Commonwealth* v. *Champagne*, 399 Mass. 80, 84 (1987). See also *Commonwealth* v. *Freeman*, 407 Mass. at 282-284. We are troubled, however, that here, unlike in *Champagne*, the challenged statement was not "made in response to a question from a grand juror." *Commonwealth* v. *Champagne, supra.* See *Commonwealth* v. *Freeman*, 407 Mass. at 284 n.5. The defendant has come very close to making the requisite showing for a determination that the prosecutor played an "ignoble part" (*Commonwealth* v. *Lincoln*, 368 Mass. 281, 285 [1975]); however, our reading of the "entire grand jury record" does not leave us with a firm belief that the Commonwealth's conduct was for the purpose of "influencing the grand jury to return an indictment which it would not otherwise have returned" (*Commonwealth* v. *Pond*, 24 Mass. App. Ct. 546, 552 [1987]), or some such deceptive act as would require us to conclude that the integrity of the grand jury proceedings has been impaired.[3] See *Commonwealth* v. *Freeman*, 407 Mass. at 283-284, and cases cited and contrasted. This was merely a case of needless but dangerous overkill.[4] Cf. *Commonwealth* v.

---

[3]Although we are aware of the Supreme Judicial Court's language in *Commonwealth* v. *Mayfield*, 398 Mass. at 621, concerning *Commonwealth* v. *Reddington*, 395 Mass. 315, 319 (1985), we do think there are circumstances, i.e., trickery, lack of good faith or reckless disregard for the grand jury process on the part of the Commonwealth, that would warrant dismissal of an indictment. Judges must "insist[] that the Commonwealth take care to behave itself." *Commonwealth* v. *Tirrell*, 382 Mass. 502, 513 (1981) (Kaplan, J., dissenting).

[4]We are, of course, aware that "[t]o the general principle that evidence of prior bad acts and subsequent bad acts ought not to be admitted to show propensity to commit a crime, [citation omitted], there is, among others, an exception which allows the use of such evidence to prove a common scheme or pattern of operations." *Commonwealth* v. *Odell*, 34 Mass. App. Ct. 100, 103 (1993). Here, however, our focus is on the potential undue prejudicial effect of the prosecutor's conduct, not on

*Redmond*, 370 Mass. 591, 597 (1976) (the prosecutor "deliberately sailed unnecessarily close to the wind").

*Judgment affirmed.*

*Eric Brandt*, Committee for Public Counsel Services, for the defendant.
*David R. Marks*, Assistant District Attorney, for the Commonwealth.

---

the relevance and materiality of the particular evidence, which, in our view, is slight or none.